# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 76056-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JORDAN JOHN TASCA, | ) | |
| | ) | |
| Appellant. | ) | FILED: July 23, 2018 |
| | ) | |

APPELWICK, C.J. — Tasca was convicted of felony harassment. He argues that the trial court erred in upholding a search warrant under the independent source exception and that the prosecutor committed misconduct. We reject Tasca's claim of prosecutorial misconduct. But, because the trial court did not make findings necessary to apply the independent source exception, we remand for a new hearing on the application of the independent source exception consistent with this opinion. The trial court may determine whether to take additional evidence at the hearing and shall enter new findings of fact and conclusions of law on the motion to suppress.

## FACTS

A vehicle had begun tailgating Kenneth Williams after that same vehicle had cut him off during a lane change. Williams slowed down in response. The other

driver then pointed a gun at him. Williams called 911 and provided a description and a photo of the vehicle.

Shortly after the incident, sheriff's deputies arrived at the residence where the suspect vehicle was registered. A deputy observed the suspect vehicle in the carport. The deputy knocked on the door, and Jordan Tasca, the registered owner of the vehicle, answered. He was placed under arrest without incident. While in handcuffs Tasca stated, " '[I]s it a felony to run someone off the road?' " Williams arrived at the residence and positively identified Tasca as the suspect. Police performed a "protective sweep" of Tasca's residence. One officer observed a handgun during that sweep. Officers then obtained and executed a search warrant, recovering a firearm and magazine during the search.

Tasca was charged with one count of felony harassment. He moved to exclude the evidence seized from his residence, because the warrant was granted based on evidence discovered during a warrantless protective sweep of the residence, and there were no circumstances that justified the warrantless sweep. The trial court agreed that the warrantless search was unlawful. But, it ruled that the warrant was nevertheless valid, because the evidence was sufficient to justify a search warrant even when excising the improperly obtained evidence, namely, the observation of the firearm:

> The warrant provides for a search of car or home. It's clear in the affidavit that the defendant was located in his home shortly after the incident. There is probable cause to believe that by virtue of the size of the contraband being sought that it would be reasonable that that firearm would be found in the home with Mr. Tasca or in his car, which he wasn't in at the time. I do so find that the warrant remains valid even

2

with the excised portions, and the search incident to said warrant is valid.

A jury convicted Tasca as charged. He appeals.

## DISCUSSION

Tasca makes two arguments. First, he argues that the trial court erred in erred in upholding a search warrant for Tasca's home. Second, he argues that the prosecutor committed misconduct in closing argument.

I.  Search Warrant

Tasca argues that the trial court upheld the search warrant for his residence based on a misapplication of the independent source doctrine.

Absent an exception to the warrant requirement, a warrantless search is impermissible under both article I, section 7 of the Washington Constitution and the Fourth Amendment to the United States Constitution. State v. Johnson, 128 Wn.2d 431, 446-47, 909 P.2d 293 (1996), abrogated on other grounds by Carey v. Musladin, 549 U.S. 70, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006). Generally, evidence seized during an illegal search is suppressed under the exclusionary rule. See State v. Ladson, 138 Wn.2d 343, 359, 979 P.2d 833 (1999). In addition, evidence derived from an illegal search may also be subject to suppression under the fruit of the poisonous tree doctrine. State v. Gaines, 154 Wn.2d 711, 717, 116 P.3d 993 (2005)

However, evidence tainted by unlawful governmental action is not subject to suppression under the exclusionary rule, provided that it ultimately is obtained pursuant to a valid warrant or other lawful means independent of the unlawful action. Id. at 718. Under this "independent source" doctrine, an unlawful search

does not invalidate a subsequent search if (1) the issuance of the search warrant is based on untainted, independently obtained information, and (2) the State's decision to seek the warrant is not motivated by the previous unlawful search and seizure. State v. Miles, 159 Wn. App. 282, 284, 244 P.3d 1030 (2011).

Under this test, we first must determine the validity of the warrant absent the illegally obtained information. Whether facts set out in an affidavit are sufficient to conclude that probable cause exists is a question of law that we review de novo. State v. Nusbaum, 126 Wn. App. 160, 166-67, 107 P.3d 768 (2005). Probable cause exists where the affidavit in support of the warrant sets forth facts and circumstances sufficient to establish a reasonable inference that evidence of the crime may be found at a certain location. State v. Jackson, 150 Wn.2d 251, 264-65, 76 P.3d 217 (2003).

Here, the trial court determined that the lawfully obtained information that was included in the warrant application was sufficient to show probable cause, even when the evidence of the illegal protective sweep was excluded. Tasca argues that this conclusion was erroneous.

We disagree. The officers received a report that an individual had brandished a weapon in a road rage incident. Roughly one hour later, they arrived at the registered address of the vehicle whose driver brandished the weapon. The suspect's vehicle was in the open carport. When handcuffed, Tasca asked the officers, " '[I]s it a felony to run someone off the road.' " This indicated that he was involved in the incident. A firearm was reported to have been brandished, but the officers had not yet located it. It was reasonable to infer that the weapon may have

4

been located inside of Tasca's vehicle or residence. The warrant was supported by probable cause independent of the wrongfully obtained evidence.

Second, the independent source exception requires courts to analyze whether the State's decision to seek the warrant was motivated by the fruits of the illegal search. Miles, 159 Wn. App. at 284. The record does not show that the trial court made such findings here, and the State concedes this.

However, the State argues that Tasca made no argument below regarding the motivation prong of the independent source exception and therefore Tasca has waived this argument. Under RAP 2.5(a), we need not consider arguments raised for the first time on review, except for manifest errors affecting a constitutional right. But, in his motion to suppress, Tasca sufficiently cited Gaines, 154 Wn.2d at 718. In that case the court analyzed the multiple prongs of the independent source exception analysis. See id. at 718, 721. And it recognized the officer motivation prong based on controlling United States Supreme court authority, Murray v. United States, 487 U. S. 533, 108 S. Ct. 2529, 101 L. Ed. 2d. 472 (1988).[1] Presenting this authority to the trial court was sufficient to raise both prongs of the test before the trial court.

Under Murray, it is the function of the trial court to determine the facts. Following Murray, we remand to the trial court for appropriate findings and conclusions with regard to the independent source doctrine. See id. at 542-44.

---

[1] In Murray the court remanded, in part because the district court made no findings on whether officers would have sought the warrant in question but for an initial illegal entry into a suspect's property. 487 U.S. at 542-43.

## II.    Prosecutorial Misconduct

Tasca next argues that the prosecutor committed misconduct in two ways.[2] First, Tasca argues that the prosecutor impugned defense counsel's integrity. Second, Tasca argues that the prosecutor also committed misconduct by shifting the burden to Tasca.

Allegations of prosecutorial misconduct are reviewed for abuse of discretion. State v. Lindsay, 180 Wn.2d 423, 430, 326 P.3d 125 (2014). The defendant bears the burden of showing that the comments were (1) improper and (2) prejudicial. Id. We review a prosecutor's comments during closing argument in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the jury instructions. State v. Dhaliwal, 150 Wn.2d 559, 578, 79 P.3d 432 (2003).

### A.  Impugning Defense Counsel's Integrity

Tasca argues that the prosecutor impugned defense counsel's integrity when he told the jury that "this case is not about Kenneth Williams' employment at Metro three and a half years ago. It's not about getting pulled over for reckless driving three years ago. Those are bought up to distract you." Tasca objected, but was overruled.

A prosecutor may argue that the evidence does not support the defense theory. Lindsay, 180 Wn.2d at 431. However, a prosecutor may not impugn the

---

[2] Proecutorial Misconduct that prejudices a defendant warrants a new trial. State v. Jones, 144 Wn. App. 284, 290, 183 P.3d 307 (2008). Therefore, although we remand for findings regarding the independent source exception, we also must address Tasca's prosecutorial misconduct argument.

role or integrity of defense counsel. Id. at 431-32. Prosecutorial statements that malign defense counsel can severely damage an accused's opportunity to present his or her case and are therefore impermissible. Id. at 432.

Tasca analogizes to Lindsay. There, our Supreme Court found prosecutorial misconduct when the prosecutor referred to defense counsel's presentation as a "crock." Id. at 433-34. It reasoned that this "implies deception and dishonesty," and therefore was improper. Id. at 433.

Tasca argues that the same is true here. We disagree. Here, the defense focus on the conduct of the victim three years prior had nothing to do with the facts of this case. It was evidence which would put the victim in a less sympathetic light and perhaps undermine his credibility. The comment does not rise to the same level as allegations that counsel is dishonest and was not so improper and prejudicial to amount to misconduct.

### B. Burden Shifting

Tasca also argues that the prosecutor improperly shifted the burden to Tasca by stating, "[J]ust because you have two conflicting stories, that does not mean there's reasonable doubt. Look at the stories, look at the testimony, and think about which is more plausible." Tasca also objected to this statement, but was again overruled.

Arguments by the prosecution that shift or misstate the State's burden to prove the defendant's guilt beyond a reasonable doubt constitute misconduct. Lindsay, 180 Wn.2d at 434. Tasca argues that this statement did exactly that, because it invited the jury to convict based on the theory that it found more

7

plausible. But, here the prosecutor merely urged the jury to find his theory more plausible. He did not invite the jury to convict the jury solely <u>because</u> that theory was more plausible. The prosecutor was entitled to compare theories of the case, and urge the jury to find the prosecution's theory more plausible, without shifting the burden. This remark was not improper.

The trial court did not abuse its discretion in finding no prosecutorial misconduct.

We remand for a new hearing on the application of the independent source exception consistent with this opinion. The trial court may determine whether to take additional evidence at the hearing and shall enter new findings of fact and conclusions of law on the motion to suppress.

WE CONCUR:

Appelwick, C.J.

Becker, J.